IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

SAMMY CARL BULLARD, )
 )
    Plaintiff, )
 )
v. ) Case No. CIV-15-798-HE
 )
GARFIELD COUNTY DETENTION CENTER, )
et al., )
 )
    Defendants. )

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se, submitted to this Court for filing a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. The matter has been referred by United States District Judge Joe Heaton for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

Plaintiff was granted pauper status on July 24, 2015, s*ee* Order [Doc. No. 5], and directed to pay an initial partial filing fee of $1.00 by August 22, 2015, in accordance with 28 U.S.C. § 1915(b). Plaintiff was advised that he would be required to make monthly payments of twenty percent of the preceding month's income credited to his prison account(s) until the full $350 filing fee was paid. Plaintiff was further warned that "if he has not, by [August 22, 2015], either (1) paid the initial partial filing fee, or (2) shown, in writing, good cause for the failure to pay, this action will be subject to dismissal without prejudice to refiling. . . ." *Id*.

On August 28, 2015, the Court sua sponte extended the deadline for payment of the initial partial filing fee to September 11, 2015. *See* Order [Doc. No. 11]. Plaintiff was again advised that failure to comply with the terms of the Order could result in dismissal of this action without prejudice to refiling. *Id*.

Plaintiff has not timely complied with the Court's previous orders. He has not made the initial partial payment or any other payment, requested an extension of time within which to pay, demonstrated good cause for his failure to pay, or sought to dismiss his action voluntarily. Thus, the action is subject to dismissal without prejudice to refiling. *See* LCvR 3.4(a); *see also Cosby v. Meadors*, 351 F.3d 1324, 1326-34 (10th Cir. 2003) (upholding dismissal of civil rights complaint based on noncompliance with orders requiring installments on the filing fee or to show cause for the failure to pay); *Kennedy v. Reid*, 208 F. App'x 678, 679-80 (10th Cir. 2006) (finding no abuse of discretion in district court's dismissal of § 1983 action without prejudice due to litigant's failure to timely pay initial filing fee).

On September 14, 2015, Plaintiff's Motion [Doc. No. 13] was filed with the Court. In the Motion, Plaintiff states that he "does not have or antisapates [sic] to have $1.00 any time soon" and requests that the Court waive the filing fee. Plaintiff's Motion is insufficient to excuse the filing fee requirement. He offers no explanation as to why funds are no longer available to him or otherwise attempt to demonstrate good cause for failing to comply with the Court's orders.

As the Tenth Circuit has observed, the fee provisions of § 1915(b) "are intended to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees," within the practical limits established by the Prison Litigation Reform Act considering the prisoner's indigent status. *Cosby*, 351 F.3d at 1327 (internal quotations and citations omitted). The focus is not per se about money and, therefore, the significance of the amount at issue, but rather "respect for the judicial process and the law." *Id*. at 1326.

The Tenth Circuit has further observed that, when the court has "upheld the dismissals of prior lawsuits for a prisoner's failure to pay fees, the district court has generally conducted the

inquiry necessary to determine that the failure is attributable to the prisoner's negligence or misconduct rather than circumstances beyond his control." *Sandoval v. New Mexico*, 576 F. App'x 784, 787 (10th Cir. 2014) (citing cases). In *Sandoval*, the prisoner "made three arguments for an extension of time, all alleging that circumstances beyond his control prevented him from making payments." *Id*. Conversely, here, Plaintiff fails to offer any explanation whatsoever or submit any supporting documentation. In this respect, the Court observes that it previously *sua sponte* gave Plaintiff an extension of time. Under these circumstances, Plaintiff's Motion should be denied and the action should be dismissed without prejudice to refiling.[1]

## RECOMMENDATION

For the reasons set forth above, it is recommended that Plaintiff's Motion [Doc. No. 13] be denied and the action be dismissed without prejudice pursuant to LCvR 3.4(a) for failure to comply with the requirements of 28 U.S.C. § 1915(b).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by October 8, 2015. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to

---

[1] The *Ehrenhaus* factors, relied on by the Court in *Cosby*, further support dismissal: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Cosby*, 351 F.3d at 1332 (*citing Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)). As stated, Plaintiff has been forewarned that a failure to pay could result in dismissal of the action; lesser sanctions are not warranted as Plaintiff has previously demonstrated an ability to pay; Plaintiff has offered no justification for his failure to pay; and Plaintiff's actions have impeded this action from proceeding which is both prejudicial to defendants and interferes with the judicial process. Thus, application of these factors further supports dismissal of this action without prejudice.

3

this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 17th day of September, 2015.

BERNARD M. JONES
United States Magistrate Judge